UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC W. WHITE-BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Civil No.: 2:22-cv-00316-GZS<br><br><br><br><br><br><br><br><br><br>March 13, 2023 |

## ORDER

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and in light of the government's request to remand this action for further administrative proceedings by the Appeals Council.

IT IS HEREBY ORDERED that this case be remand to Social Security Administration for further administrative proceedings. Upon the remand of this case by the Court, the Appeals Council will remand the case to an administrative law judge (ALJ) who will be directed to provide Plaintiff with the opportunity for a new hearing and obtain additional evidence concerning Plaintiff's impairments in order to complete the administrative record (20 C.F.R. 404.1512), including, if warranted and available, evidence from a medical expert related to the nature and severity of and functional limitations resulting from Plaintiff's impairments (20 C.F.R. § 404.1513a(b)(2)). Upon remand, the Appeals Council will also instruct the

ALJ to, if warranted, give further consideration to Plaintiff's maximum residual functional capacity with appropriate rationale and specific references to evidence of record in support of the assessed limitations (20 C.F.R. § 404.1545 and Social Security Ruling 96-8p). The Appeals Council will also instruct the ALJ to, if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base and identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. § 404.1566 and Social Security Ruling 83-14). In so doing, before relying on the vocational expert evidence, the ALJ will be instructed to elicit a reasonable explanation for any conflicts between the vocational expert evidence and the Dictionary of Occupational Titles; and issue a new decision.

Therefore, this Court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The clerk of the court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 13th day of March, 2023.